UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDEEP BANGER,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the United States Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; CHRISTOPHER CHESTNUT, Warden of California City Detention Center; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement,<br><br>Respondents. | No.  1:26-cv-00592-KES-HBK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Mandeep Banger is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claims one and three of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered

1

1  respondents to show cause as to whether there are any factual or legal issues in this case that
2  distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v.*
3  *Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the
4  petition.  Doc. 4.  Respondents state that "[t]his case does not appear to present any facts
5  distinguishing it substantively from *Elmer Joel M.C. v. Wofford*, No. 1:25-CV-01622-KES-CDB
6  (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025)."  Doc. 9 at 3.  The Court has previously
7  addressed respondents' arguments in its prior cases.

8     As respondents have not made any new legal arguments and have not identified any
9  factual or legal issues in this case that would distinguish it from the Court's prior decisions in
10 *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.
11 Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302
12 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL
13 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK
14 (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is
15 GRANTED as to claims one and three, for the reasons addressed in those prior orders.[1]

16    Respondents are ORDERED to release petitioner immediately.  Respondents are
17 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
18 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
19 petitioner is a flight risk or danger to the community such that his physical custody is legally
20 justified.

21    The Clerk of Court is directed to close this case and enter judgment for petitioner.

23 IT IS SO ORDERED.

24    Dated:   January 29, 2026

          UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claims one and three.